IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES GLENN NORMAN JR.,

    Petitioner,                      No. CIV S-06-2235 MCE DAD P

    vs.

JOHN DOVEY, et al.,

    Respondents.                  ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not submitted the required filing fee of $5.00 or an application to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a) & 1915(a). Petitioner will be granted thirty days to pay the filing fee or submit an application to proceed in forma pauperis.

        Immediately after filing his petition for writ of habeas corpus, petitioner filed a motion that purports to be a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Petitioner seeks a hearing for resolution of his application on its merits. Petitioner asserts in his declaration that respondents have not answered his petition with sufficient facts and law to dispute the grounds for relief contained in the petition and that he is entitled to judgment as a matter of law because no facts are in dispute.

Petitioner's motion for summary judgment will be denied for two reasons. First, respondents have not been directed to file a response to petitioner's newly filed habeas petition and will not be directed to file a response until the court has screened the petition. The court will screen the petition after petitioner pays the filing fee or submits an application to proceed in forma pauperis. See Rules 3(a) & 4, Fed. R. Governing § 2254 Cases. Second, federal habeas proceedings are governed by the Rules Governing § 2254 Cases in the United States District Courts. The Federal Rules of Civil Procedure may be applied to a habeas proceeding, at the court's discretion, when such rules are not inconsistent with any applicable statutory provision or the rules that govern federal habeas proceedings. The application of Fed. R. Civ. P. 56 to this proceeding at the present time is inconsistent with Rules 3 and 4 of the Rules Governing § 2254 Cases. The pro se petitioner may not file a summary judgment motion at any later stage of the case unless the court grants him leave to do so.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's November 6, 2006 motion for summary judgment is denied;

2. Petitioner shall submit, within thirty days from the date of this order, the $5.00 filing fee or a properly completed application to proceed in forma pauperis; petitioner's failure to comply with this order may result in a recommendation that this action be dismissed without prejudice; and

3. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form to be used by a prisoner in a habeas proceeding.

DATED: November 9, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13:bb
norm2235.101msj