IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES GLENN NORMAN JR.,

    Petitioner,                    No. CIV S-06-2235 MCE DAD P

    vs.

JOHN DOVEY, et al.,

    Respondents.               FINDINGS AND RECOMMENDATIONS

                          /

        Petitioner, a state prisoner proceeding pro se, has filed a third amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 20, 2009, the undersigned ordered respondent to file and serve a response to the petition. On October 6, 2009, respondent filed the pending motion to dismiss, arguing that petitioner's habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and that petitioner failed to properly exhaust his federal habeas claims by first fairly presenting them to the highest state court. Petitioner has filed an opposition to the motion.

**BACKGROUND**

        On July 26, 2001, a Sacramento County Superior Court jury found petitioner guilty of second-degree murder and assault on a child likely to produce bodily injury resulting in death. A number of sentencing enhancement allegations were also found by the jury to be true.

1

1  On August 23, 2001, the Sacramento County Superior Court sentenced petitioner to an
2  indeterminate term of fifty-eight years to life in state prison. On May 28, 2003, the California
3  Court of Appeal for the Third Appellate District affirmed petitioner's judgment of conviction.
4  On August 27, 2003, the California Supreme Court denied review. (Pet. at 2; Resp't's Lodged
5  Docs. 1-4.)

6  Petitioner subsequently filed four petitions seeking habeas corpus relief in state
7  court. Under the mailbox rule, on September 7, 2005, petitioner filed a petition for writ of
8  habeas corpus in the Sacramento County Superior Court which was denied on October 17, 2005.
9  On or about December 27, 2005, petitioner filed a petition for writ of habeas corpus in the
10 California Court of Appeal for the Third Appellate District which was denied on January 5, 2006.
11 On February 27, 2006, petitioner filed a petition for writ of habeas corpus in the California
12 Supreme Court which was denied on October 25, 2006. Finally, on March 2, 2006, petitioner
13 filed a second petition for writ of habeas corpus in the Sacramento County Superior Court which
14 was denied on April 25, 2006. (Resp't's Lodged Docs. 5-12.)

15 On October 3, 2006, petitioner commenced this action by filing a federal petition
16 for writ of habeas corpus with this court. The court dismissed the petition with leave to amend.
17 Although petitioner filed an amended petition, the court subsequently dismissed it and also
18 dismissed petitioner's second amended petition with leave to file a third amended petition. On
19 August 17, 2009, petitioner filed his third amended petition.

20 **RESPONDENT'S MOTION TO DISMISS**
21 I. <u>Respondent's Motion</u>

22 Respondent moves to dismiss the pending petition, arguing that it is time-barred.
23 Specifically, respondent argues that on August 27, 2003, the California Court Supreme Court
24 denied petitioner's petition for review, causing his judgment of conviction to become "final" on
25 November 25, 2003, after the time for filing a petition for writ of certiorari expired. Respondent
26 argues that the one-year statute of limitations for the filing a federal habeas petition began to run

the following day, on November 26, 2003, and expired one year later on November 25, 2004. (Resp't's Mot. to Dismiss at 3.)

   Respondent acknowledges that the proper filing of a state post-conviction application challenging a judgment of conviction tolls the one-year statute of limitations period. Respondent argues, however, that petitioner did not file his first state habeas petition until after the statute of limitations for the filing of a federal petition had expired. Respondent argues that petitioner's filings in state court after the AEDPA statute of limitations expired cannot serve to restart the clock at zero or otherwise save a claim for federal habeas relief from being time barred. In addition, respondent argues that the Sacramento County Superior Court denied petitioner's first and fourth petitions for writ of habeas corpus as untimely. Respondent contends that untimely petitions are not "properly filed," and therefore cannot serve to toll the AEDPA statute of limitations period. (Resp't's Mot. to Dismiss at 3-4.)

   Respondent also argues that petitioner failed to properly exhaust his federal habeas claims by first fairly presenting them to the highest state court. Specifically, respondent argues that petitioner first filed a petition for review that raised only two issues, neither of which mirror the claims petitioner raises in his pending federal habeas petition. Petitioner next filed a petition for writ of habeas corpus with the California Supreme Court. Although that petition contained the same seven claims that petitioner raises in his pending federal petition, respondent contends that it did not serve to satisfy the exhaustion requirement because the California Supreme Court denied that habeas petition with citations to the decisions in People v. Duvall, 9 Cal. 4th 464, 474 (1995) and In re Swain, 34 Cal. 2d 300 (1949). According to respondent, the California Supreme Court's citation to these cases means that petitioner failed to present the claims in his petition with sufficient particularity. (Resp't's Mot. to Dismiss at 4-6.)

II. Petitioner's Opposition

   In a brief opposition to respondent's motion to dismiss, petitioner summarily argues that he could not file a timely federal petition from October 2003 through March 2004 or

1  from June 11, 2004, through April 2005 because he was being involuntarily medicated with
2  antipsychotic drugs and housed in administrative segregation units pursuant to California
3  Administrative Code Title 15, § 3364(b). Petitioner also argues that he could not file a timely
4  federal habeas petition from 2003 through April 2005 because he did not have adequate
5  experience with the law and only had a 4.0 grade level. (Pet'r's Opp'n to Resp't's Mot. to
6  Dismiss at 1-2.)

## ANALYSIS

I. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy,

521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(A)

As noted above, on July 26, 2001, a Sacramento County Superior Court jury found petitioner guilty of second-degree murder and assault on a child likely to produce bodily injury resulting in death. A number of sentencing enhancement allegations were also found to be true. On August 23, 2001, the Superior Court sentenced petitioner to an indeterminate term of fifty-eight years to life in state prison. On May 28, 2003, the California Court of Appeal for the Third Appellate District affirmed petitioner's judgment of conviction. On August 27, 2003, the California Supreme Court denied review. (Pet. at 2; Resp't's Lodged Docs. 1-4.)

For purposes of federal habeas review, petitioner's conviction became final on November 25, 2003, ninety days after the California Supreme Court denied his petition for review. See Summers v. Schriro, 481 F.3d 710, 717 (9th Cir. 2007); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on November 26, 2003, and expired one year later on November 25, 2004. Even with application of the mailbox rule, petitioner did not file his original federal habeas petition with this court until October 3, 2006. Accordingly, petitioner's federal petition for writ of habeas corpus is untimely unless he is entitled to the benefit of tolling.

III. Application of § 2244(d)(2)

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a

new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In this case, petitioner filed four petitions seeking habeas corpus relief in state court. However, petitioner did not file his first state habeas petition in the Sacramento County Superior Court until September 7, 2005, long after the statute of limitations for the filing of a federal habeas petition had expired. It is well established that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Fergusen v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, by the time petitioner filed his original federal habeas petition on October 3, 2006, the AEDPA statute of limitations had expired, rendering petitioner's federal habeas petition time-barred.

IV. Equitable Tolling

The United States Supreme Court has held that, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). See also Lawrence v. Florida, 549 U.S. 327, 328 (2007) (assuming without deciding that equitable tolling applies to § 2244(d)). The Ninth Circuit has stated that "the purpose of equitable tolling 'is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008). Nonetheless, equitable tolling of the AEDPA statute of limitations will be unavailable in most cases. See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Moreover, a habeas petitioner seeking equitable tolling must show that the extraordinary circumstances alleged were the "but for" and proximate cause of the untimely filing of his federal petition. See Bryant v. Ariz. Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007); Allen v. Lewis, 255 F.3d 798, 800-01 (9th Cir. 2001).

Here, the court has construed petitioner's arguments regarding the timeliness of his federal petition as a claim of entitlement to equitable tolling. Even assuming petitioner has

been pursuing his rights diligently, he has not demonstrated that some extraordinary circumstance stood in his way of filing a timely federal petition. Specifically, petitioner argues that he could not file a timely federal petition because he was being involuntarily medicated with antipsychotic drugs and housed in administrative segregation units. To be sure, a mental illness can represent an extraordinary circumstance entitling a petitioner to the equitable tolling of the AEDPA statute of limitations. See Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003); Calderon v. United States District Court (Kelly), 163 F.3d 530, 541 (9th Cir 1998) (en banc) (A "putative habeas petitioner's mental incompetency [is] a condition that is, obviously, an extraordinary circumstance beyond the prisoner's control," and therefore "mental incompetency justifies equitable tolling."). However, not every mental illness automatically serves to toll the statute of limitations.

In this case, petitioner has not stated what mental illness he suffers from or what medication medical personnel administered to him. In addition, petitioner has not explained how his mental illness or any side effects of his medication rendered him incapable of bringing this action within the statute of limitations period. Nor has petitioner indicated how being housed in administrative segregation units prevented him from filing a timely federal petition. In fact, petitioner has not submitted any evidence whatsoever to this court in support his bare allegations. Even his opposition to the pending motion to dismiss is unverified. In this regard, petitioner has not established, and the record does not reflect, any causal link between petitioner's alleged mental illness and involuntary medication on the one hand and his delay in filing this federal habeas action on the other hand.[1]  See Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005)

---

[1] Petitioner has submitted with his petition copies of some of his medical records in support of his third claim for relief in which he alleges that the trial court improperly denied him a competency hearing during his underlying criminal proceedings. (Pet. Ex. C.) Petitioner submitted the same medical records with three of his petitions seeking habeas corpus relief in state court. (Resp't's Lodged Docs. 5, 7 & 9.) However, petitioner's medical records are dated from the late 1980s through the 1990s, well before the AEDPA statute of limitations began to run with respect to this action. None of petitioner's medical records are dated near the period of November 26, 2003, to November 25, 2004, the relevant period of time during which the statute of limitations was

(upholding a finding that equitable tolling was inapplicable where prisoner failed to show causal connection between physical and mental disabilities and inability to timely file petition), modified on other grounds by, 447 F.3d 1165 (9th Cir. 2006).  See also, e.g., Jones v. Marshall, No. CV 09-0233 GHK (JTL), 2009 WL 2189892 at *9 n.13 (C.D. Cal. July 17, 2009) (rejecting claim for equitable tolling based on alleged mental illness because petitioner failed to establish that his mental condition was the "but for" cause of his failure to timely file a federal habeas petition); Wright v. Felker, No. 08-cv-2255 JM (PCL), 2009 WL 1396406 at *6-9 (S.D. Cal. May 18, 2009) (rejecting claim for equitable tolling based on alleged mental illness because petitioner failed to present medical evidence detailing his mental condition during the statute of limitations period).

Petitioner also argues that he could not file a timely federal petition because of his inexperience with the law and his 4.0 grade level.  However, it is well established that a lack of understanding of the law and the legal system is not grounds for equitable tolling.  See, e.g., Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); Hughes v. Idaho State Bd. of Corrs., 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of the law unfortunate but insufficient to establish cause).

Accordingly, for the reasons discussed above, respondent's motion to dismiss should be granted, and petitioner's federal petition for writ of habeas corpus should be dismissed

---

running in connection with this action. The submitted records therefore have little probative value as to petitioner's alleged mental illness from 2003 to 2004. See Laws, 351 F.3d at 923 (noting that the petitioner's adjudication of competency in 1993 "has little bearing on his competence *vel non* during 1996-2000, a period for which no medical records have been offered by either Laws or the respondent."). Moreover, the court notes that none of petitioner's medical records indicate that his alleged mental illness was severe enough even at the time to warrant inpatient status. Nor do those records indicate that he needed to be involuntarily medicated. In fact, petitioner's medical records include two informed consent forms signed by petitioner for antidepressant medication, which he received on an outpatient basis. In sum, petitioner's medical records are either inconsequential or insufficient to support his claim that his mental health condition was an "extraordinary circumstance" for purposes of equitable tolling.

with prejudice.[2]

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's October 6, 2009 motion to dismiss (Doc. No. 38) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 7, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
norm2235.157

---

[2] In light of these findings and recommendations concluding that petitioner's federal habeas petition is untimely and should be dismissed with prejudice, the court declines to address respondent's alternative argument that petitioner's federal habeas petition contains unexhausted claims.