IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES GLENN NORMAN, JR.,

    Petitioner,                         No. 2: 06-cv-2235 MCE DAD P

    vs.

JOHN DOVEY, et al.,

    Respondent.                  ORDER

_____/

        Petitioner is a state prisoner proceeding *pro se* with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 8, 2010, the undersigned issued findings and recommendations that respondent's motion to dismiss be granted due to the untimeliness of the habeas petition. The findings and recommendations were adopted in full by the assigned District Judge on May 18, 2010 and the action was closed. On May 28, 2010, petitioner filed a notice of appeal and a motion for a certificate of appealability. On October 25, 2011, a certificate of appealability was granted and petitioner's appeal was subsequently processed to the United States Court of Appeals for the Ninth Circuit. On June 8, 2012, petitioner filed a motion for trial transcripts at government expense in this court. (See Dkt. No. 54.) On October 17, 2012, the United States Court of Appeals for the Ninth Circuit issued a memorandum order affirming this court's judgment. (See Dkt. No. 55.)

1

Petitioner argues as follows in support of his motion:

> This motion is predicated on the grounds that trial transcripts be issued and specific individual portions on physical evidence at lab. All DNA testing finger print testing portions of trial transcripts be issued. Issues were not settled in the state court and requires resolution on the merits because evidence may have caused a different verdict.

(Dkt. No. 54 at p. 1.)

Furnishing transcripts at public expense is governed by 28 U.S.C. § 753(f), which provides that "[f]ees for transcripts in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f) (parenthetical in original). The Ninth Circuit has stated that an indigent habeas petitioner is not entitled to transcripts at government expense until after a habeas petition is filed. See United States v. Connors, 904 F.2d 535, 536 (9th Cir. 1990).

Petitioner's motion for trial transcripts at government expense will be denied. Petitioner has failed to show a particular need for the requested trial transcripts in relation to the denial of his federal habeas petition due to untimeliness which has subsequently been affirmed on appeal by the Ninth Circuit. Furthermore, petitioner's motion for trial transcripts was not filed until after judgment was issued in this action dismissing the habeas petition due to untimeliness. Thus, there is also no current pending habeas petition in the district court.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for transcripts at government expense (Dkt. No. 54.) is DENIED.

DATED: November 8, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:dpw
norm2235.transcripts

2